UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

BRENDA GERACE; LEE ANN JOHNSON;
and KIMBERLY WEINERT,

                              Plaintiffs,

       v.                                              **DECISION AND ORDER**
                                                                     05-CV-65S

CLIFFSTAR CORPORATION,

                              Defendant.

## I. INTRODUCTION

On October 5, 2007, the Honorable John T. Elfvin, Senior United States District Judge, issued a Memorandum and Order denying Defendant's Motion for Summary Judgment ("Elfvin Decision"). The case was reassigned to this Court on October 17, 2007, after Judge Elfvin elected to take inactive senior judge status.

Presently before this Court is Defendant's Motion for Reconsideration of Judge Elfvin's Decision or, in the alternative, certification of Judge Elfvin's Decision for interlocutory appeal to the United States Court of Appeals for the Second Circuit.[1] Plaintiff opposes the motion and seeks leave to file an Amended Complaint.[2] For the reasons discussed below, Defendant's Motion is denied, and Plaintiffs' request for leave to amend their Complaint is granted.

---

[1] Defendant filed a memorandum of law (Docket No. 46) and a reply memorandum (Docket No. 51) in support of its motion.

[2] Plaintiffs filed an opposing memorandum of law which includes their request to amend. (Docket No. 50).

## II. BACKGROUND

Plaintiffs Brenda Gerace, Lee Ann Johnson, and Kimberly Weinert commenced this action by filing a Complaint in the United States District Court for the Western District of New York on February 1, 2005, alleging that Defendant Cliffstar Corporation, their employer, discriminated against them in violation of the Americans with Disabilities Act, 42 U.S.C. §§ 12101 et seq ("ADA") and New York State Human Rights Law, N.Y. Exec. §§ 290 et seq ("NYHRL"). This Court assumes the parties' familiarity with the facts, and prior proceedings in this case. Only those facts necessary to resolve the present motions are discussed below.

On May 12, 2006, Defendant moved for summary judgment. (Docket No. 23.) Defendant argued, *inter alia*, that 1) Plaintiff's were not "disabled" within the meaning of the ADA, 2) Plaintiffs were not "otherwise qualified" within the meaning of the ADA and NYHRL, 3) Plaintiffs have not established a reasonable accommodation that Defendant could have provided them, and 4) Plaintiffs were not discharged "because of" their disabilities.

Judge Elfvin denied Defendant's Motion. (Docket No. 43.) First, Judge Elfvin held that while some of Plaintiffs' alleged limitations did not qualify as disabilities under the ADA, their restrictions on lifting and reaching did qualify as disabilities. Because Plaintiffs raised an issue of material fact on these limitations, Judge Elfvin denied Defendant's Motion to the extent it urged that Plaintiffs were not disabled. (Id. at 9-14.) Alternatively, Judge Elfvin held that even if Plaintiffs were not actually disabled, Plaintiffs raised an issue of material fact as to whether they were "regarded as" disabled by Defendant. (Id. at 15.)

2

Third, Judge Elfvin held that Plaintiffs' evidence regarding accommodations raised a material fact as to whether they were "otherwise qualified."  (Id. at 15.)  And lastly, Judge Elfvin held that Plaintiffs raised an issue of material fact as to whether they were terminated "because of" their disabilities.  (Id. at 17-18.)

Following Judge Elfvin's Memorandum and Order, Defendant moved for reconsideration.  Defendant argues that Judge Elfvin committed four legal errors, which are discussed below, and its Motion for Summary Judgment should be granted.  Defendant alternatively argues that this Court should certify Judge Elfvin's Decision for immediate appeal to the United States Court of Appeals for the Second Circuit.

### III. DISCUSSION

**A.  Motion for Reconsideration**

The Federal Rules of Civil Procedure do not specifically provide for motions for reconsideration.  Courts have considered a motion for reconsideration to be either a Rule 59(e) motion to alter or amend a judgment or a Rule 60(b) motion for relief from a judgment or order.  Ass'n of Retarded Citizens of Connecticut, Inc. v. Thorne, 68 F.3d 547, 553 (2d Cir.1995).  Although the rules differ somewhat in their applicability and the standard of review employed by the court, there is some overlap and in many situations, such as in the present case, a motion for reconsideration may be brought under either, or both rules. Id.

Rule 59(e) authorizes a motion "to alter or amend a judgment."  Rule 59(e) "must be narrowly construed and strictly applied in order to discourage litigants from making repetitive arguments on issues that have been thoroughly considered by the court." Range

Road Music, Inc. v. Music Sales Corp., 90 F. Supp. 2d 390, 391-92 (S.D.N.Y. 2000). A motion for reconsideration "is appropriate only where the movant demonstrates that the Court has overlooked controlling decisions or factual matters that were put before it on the underlying motion . . . and which, had they been considered, might have reasonably altered the result before the court." Id. at 392 (internal quotation omitted).

Rule 60(b) provides for relief from a judgment on limited grounds including mistake, inadvertence, surprise, excusable neglect or newly discovered evidence. "The party seeking relief from judgment has an onerous standard to meet." United States v. Int'l Bhd. of Teamsters, 247 F.3d 370, 392 (2001). A motion under Rule 60(b) is addressed to the discretion of the court so long as the court does not base its decision on an erroneous interpretation of the law. Gucci America, Inc. v. Gold Center Jewelry, 158 F.3d 631, 634 (2d Cir.1998).

Motions for reconsideration are not to be used as a means to reargue matters already disposed of by prior rulings or to put forward additional arguments that could have been raised prior to the decision. Sidney v. United States, 03-CV-791, 2006 WL 1144549, *4 (W.D.N.Y. Apr. 28, 2006).

In the present Motion, Defendants raise many of the same arguments that were thoroughly considered by Judge Elfvin. To the extent this Court does not address an argument raised by Defendant in this Motion for Reconsideration, this Court agrees with the reasoning in the Elfvin decision and finds that additional discussion is unnecessary.

**1.      Whether Judge Elfvin Disregarded the Supreme Court's Decision in <u>Toyota Motor Mfg., Ky., Inc. v. Williams</u> in Concluding that Plaintiffs Satisfied the Definition of "Disability."**

Defendant argues that Judge Elfvin "blatantly disregard[ed]" the United States Supreme Court's decision in <u>Toyota Motor Mfg., Ky., Inc. v. Williams</u>, 534 U.S. 184, 122 S. Ct. 681, 151 L.Ed.2d 615 (2002[3]).  (Docket No. 46, p. 3.)  Defendant characterizes the facts of <u>Toyota</u> as "reasonably similar to the facts presented by this case," and suggests that Defendant is entitled to summary judgment based upon the principles announced therein.  (<u>Id.</u>)

In <u>Toyota</u>, the plaintiff, an assembly line employee at the defendant's automobile manufacturing plant, sustained injuries including carpal tunnel syndrome and tendinitis due to her use of pneumatic tools.  534 U.S. at 187.  Following her injuries, the plaintiff was initially placed on restrictions prohibiting her from lifting more than 20 pounds, frequently lifting or carrying objects weighing up to 10 pounds, or engaging in repetitive actions.  <u>Id.</u> at 187-88.  The plaintiff also had "to avoid sweeping, to quit dancing, to occasionally seek help dressing, and to reduce how often she plays with her children, gardens, and drives long distances."  <u>Id.</u> at 202.  Later on, the plaintiff was placed on a no-work-of-any-kind restriction and subsequently terminated from her employment.  <u>Id.</u> at 190.

The United States Supreme Court granted summary judgment in favor of the defendant because the plaintiff failed to provide sufficient evidence to raise an issue as to

---

[3] <u>Toyota</u> has been partially superseded by statute through the ADA Amendments Act, Pub.L. 110-325, which broadened the definition of "disability."  <u>See</u> <u>Guary v. Upstate Nat. Bank</u>, No. 08-CV-6571, 2009 WL 1497185, at *3 n. 1 (W.D.N.Y. May 28, 2009) (Larimer, J.).  The ADA Amendments Act became effective January 1, 2009, but they do not apply retroactively.  <u>Id.</u>  Therefore, the Amendments have no affect on the analysis here.

"whether she was substantially limited in performing manual tasks." Id. at 193. In deciding whether the plaintiff could prove that she is disabled in the major life activity of performing manual tasks, the Court stated, "the central inquiry must be whether the claimant is unable to perform the variety of tasks central to most people's daily lives, not whether the claimant is unable to perform the tasks associated with her specific job." Id. at 200-01. The Court also held that the United States Court of Appeals for the Sixth Circuit erred by not considering the fact that plaintiff tended to her personal hygiene and carried out personal or household chores, which the Court noted "should have been part of the assessment of whether [plaintiff] was substantially limited in performing manual tasks." Id. at 202. Lastly, the Court concluded that the activities the plaintiff was unable to perform "did not amount to such severe restrictions in the activities that are of central importance to most people's daily lives that they establish a manual task disability as a matter of law." Id.

Here, Defendant makes several arguments in support of its motion for reconsideration on the basis of Toyota. First, Defendant urges that Judge Elfvin's determination, which held that Plaintiffs raised material issues of fact as to whether they were disabled in lifting or reaching, is inconsistent with Toyota. (Docket No. 46, p. 7.) Second, Defendant contends that Plaintiffs' restrictions "related entirely to Plaintiffs' ability to perform their respective job duties [and Plaintiffs failed to] produce any evidence from which a reasonable jury could conclude that [they were] limited in performing any functions central to most people's lives." (Id., p. 8.) Defendant also argues that Judge Elfvin "improperly failed to give effect to the fact that Plaintiffs had produced no evidence as to

6

any activities central to most people's daily lives that Plaintiffs could not perform or n [sic] which Plaintiffs were substantially limited in performing." (Id. at 9) (emphasis in original).

This Court disagrees with Defendant's assertion that Judge Elfvin overlooked Toyota, but even if Judge Elfvin failed to consider Toyota, this Court finds that consideration of that case would not alter the result before the Court. For instance, Toyota was explicitly limited to that plaintiff's claim of a manual task disability:

> We now reverse the Court of Appeals' decision to grant partial summary judgment to respondent on the issue of whether she was substantially limited in performing manual tasks at the time she sought an accommodation. *We express no opinion on the working, lifting, or other arguments for disability status that were preserved below but which were not ruled upon by the Court of Appeals*.

534 U.S. at 193 (emphasis added).

Judge Elfvin's decision found that Plaintiffs raised an issue of material fact as to whether they were substantially limited in the major life activities of *lifting or reaching*. (Elfvin Decision, p. 13) (emphasis added). Thus, Toyota does not control here because Toyota explicitly disavowed ruling on the precise basis of disability Judge Elfvin found survived summary judgment in this case.

In addition to the limited focus of the Toyota decision, the facts of Toyota are distinguishable from those present here. The lifting restrictions on the Toyota plaintiff were not as substantial as the restrictions placed on the Plaintiffs in this case. The Toyota plaintiff was restricted from lifting more than 20 pounds or *frequently* lifting 10 pounds. 534 U.S. at 187-88 (emphasis added). Whereas, Plaintiffs in this case were restricted from *ever* lifting substantially lighter objects, as their lifting restrictions ranged from 2 to 10

7

pounds. (Elfvin Decision, p. 13.) In addition, the Toyota plaintiff was placed under a no-work-of-any-kind restriction before her termination. 534 U.S. at 190. In contrast, at their termination, Plaintiffs in this case were able to perform work consistent with their restrictions on lifting and reaching. (Elfvin Decision, p. 13.)

Regarding the scope of Plaintiffs' injuries, the record clearly establishes that each Plaintiff's limitations extended beyond their respective job duties, Defendant's contrary assertion notwithstanding. For example, Gerace testified that she couldn't reach into a kitchen cupboard (Gerace Deposition[4], Docket No., p. 14); couldn't move pans full of food (Id.); was unable to hold her grandchildren in her lap (Id. at 33); couldn't move laundry baskets containing wet clothing (Id. at 36); struggled to put clothing on (Id. at 42); couldn't lift hot water when cooking (Id. at 141); performed most tasks at home one-handed (Id. at 142); needed assistance to go grocery shopping (Id. at 144); and could not reach above her head (Gerace Affidavit; Docket No. 35; ¶ 6). Johnson testified that she was only able to use one arm (Johnson Deposition[5], p. 64); needed assistance grocery shopping (Id. at 94; Johnson Affidavit, Docket No. 34, ¶ 11); needed family members to help make her bed and perform household chores (Johnson Affidavit, ¶ 11); and despite subsequent improvements in her condition, continues to require assistance in grocery shopping (Johnson Deposition, p. 89). Weinert testified that she needed help grocery shopping

---

[4] Defendant included segments of the Gerace Deposition in Docket No.26, Ex. F. Plaintiffs included segments of the Gerace Deposition in Docket No. 29, Ex. 5.

[5] Defendant included segments of the Johnson Deposition in Docket No.26, Ex. G. Plaintiffs included segments of the Gerace Deposition in Docket No. 29, Ex. 6.

8

(Weinert Deposition[6], p. 28); could not perform activities that placed pressure on her elbow such as using a lawn mower, shoveling snow, or using garden implements (Weinert Affidavit, Docket No. 33, ¶ 5); and continues to require assistance doing laundry or cooking (Id.). In addition to showing that Plaintiffs' limitations extended beyond the workplace, this evidence sufficiently establishes Plaintiffs' limitations in terms of their own experience such that a reasonable jury could conclude that Plaintiffs were substantially limited in major life activities. See Toyota, 534 U.S. at 198 ("It is insufficient for individuals attempting to prove disability status under this test to merely submit evidence of a medical diagnosis of an impairment. Instead, the ADA requires them to offer evidence that the extent of the limitation caused by their impairment in terms of their own experience is substantial").

As required, Judge Elfvin individually examined the limitations of each Plaintiff in this case and concluded that Plaintiffs raised a material issue of fact as to whether they were substantially limited in major life activities. Judge Elfvin provided a detailed overview of the caselaw in this area, (Elfvin Decision, p. 13-14), such that Defendant cannot demonstrate that he overlooked controlling decisions or factual matters in reaching his decision.

2.  **Whether Judge Elfvin Erred as a Matter of Law in Not Considering Plaintiffs' Subsequent Employment in Determining if Plaintiffs Were Substantially Limited in a Major Life Activity.**

Defendant argues that Judge Elfvin erred in denying its Motion for Summary Judgment because Judge Elfvin expressly declined to grant any weight to Plaintiffs'

---

[6] Defendant included segments of the Weinert Deposition in Docket No.26, Ex. H. Plaintiffs included segments of the Gerace Deposition in Docket No. 29, Ex. 7.

9

subsequent employment. (Elfvin Decision, p. 9.) According to Defendant, "the Supreme Court of the United States and several Circuit Courts of Appeals have considered subsequent employment probative in evaluating whether a plaintiff is substantially limited in the major life activity of working." (Docket No. 46, p. 10.)

As an initial matter, this Court notes that the reference to subsequent employment in Murphy v. United Parcel Serv., 527 U.S. 516, 524, 119 S.Ct. 2133,144 L.Ed.2d 484 (1999), is dicta and was clearly not a basis for the Court's decision in that case. In addition, the cases outside of the Second Circuit are not binding on this Court, and this Court finds no legal basis to reject Judge Elfvin's determination that the focus must be on whether plaintiffs were disabled, "at the time the adverse action occurred." (Elfvin Decision, p. 9) (citing Picinich v. United Parcel Serv., 321 F. Supp. 2d 485, 500 (N.D.N.Y. 2004); Heilweil v. Mount Sinai Hosp., 32 F. 3d 718 (2d Cir. 1994)).

But even if this Court were to find Plaintiffs' subsequent employment a proper consideration, Defendant is still not entitled to summary judgment. A reasonable jury might consider subsequent employment as some evidence that a plaintiff was not substantially limited in a major life activity, but it is merely that – some evidence – and is not dispositive. Rather than mechanistically applying any one factor, "disability determinations under the ADA are made on a case-by-case basis." Reeves v. Johnson Controls World Serv., Inc., 140 F.3d 144, 151-52 (2d Cir. 1998)

Further, granting Defendant summary judgment based upon Plaintiffs' subsequent employment would be inappropriate as the record in his case does not clearly state the nature of Plaintiffs' subsequent employment. Judge Elfvin recognized this problem when

10

he stated that "the record provides no significant explanation as to the specific work these jobs entailed, whether plaintiffs received any accommodations in performing these jobs, or whether plaintiffs effectively performed these jobs." (Elfvin Decision, p. 9). Judge Elfvin's refusal to attach any significance to this evidence is consistent with viewing the facts in the light most favorable to the non-moving party as is required at summary judgment.

### 3. Whether Judge Elfvin Improperly Considered a Claim Not Asserted by Plaintiffs Throughout the Course of this Litigation

Under the ADA, an individual can demonstrate that he is disabled by showing that he has a "record of ... an impairment" or that he is "regarded as having such an impairment." 42 U.S.C. § 12102(1). Defendant argues that Judge Elfvin "based his decision, in part, on a claim never before him" – i.e., that Plaintiffs were "regarded as" disabled by Defendant. (Docket No. 46, p. 14.) Defendant claims that it has been prejudiced by Judge Elfvin's *sua sponte* analysis of the issue because it was denied the opportunity to conduct factual discovery on the issue. (Id.)

This Court first notes that Judge Elfvin's holding on whether Plaintiffs were "regarded as" disabled was clearly an alternative holding, and amending the decision on this issue would not affect the outcome of Defendant's Motion for Summary Judgment. For instance, Judge Elfvin stated, "even if this Court had concluded that plaintiff's [sic] limitations did not substantially limit a major life activity so as to rise to the level of a

disability under the ADA, plaintiffs have raised sufficient facts as to create a material issue as to whether Cliffstar regarded them as disabled."  (Elfvin Decision, p. 15.)

Although Judge Elfvin's holding on Plaintiffs' potential "regarded as" claim is clearly unnecessary for Plaintiffs' claims to survive summary judgment, it remains unclear whether Plaintiffs can pursue a "regarded as" claim at trial.  Plaintiffs argue that Judge Elfvin properly considered a "regarded as" claim and that they should be allowed to pursue such claim at trial.  In the Complaint, Plaintiffs' stated the "regarded as" theory as part of the definition of disability, but did not explicitly state whether they were pursuing this theory to establish that they were disabled under the ADA.  To avoid any further confusion, Plaintiffs ask this Court for permission to amend their Complaint pursuant to Rule 15 of the Federal Rules of Civil Procedure.  (Docket No. 50, p. 8.)  Defendant does not oppose Plaintiff's request to amend the Complaint in its reply.

Although this Court notes the existence of persuasive authority allowing a plaintiff to pursue a "regarded as" claim under similar circumstances, Riemer v. Illinois Dep't of Transp., 148 F.3d 800, 803-04 (7th Cir. 1998), this Court finds that granting Plaintiffs leave to amend the Complaint to explicitly state a "regarded as" claim is preferable.  Pursuant to FED. R. CIV. P. 15(a), leave to amend a complaint "shall be freely given when justice so requires."  Leave to amend is usually given in the absence of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed [or] undue prejudice to the opposing party by virtue of allowance of the amendment . . . ." Foman v. Davis, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962).

In the present case, there is no evidence that Plaintiffs acted with undue delay, bad faith or dilatory motive such that leave to amend should be denied. While Defendant claims that it will be prejudiced because it was denied the opportunity to conduct factual discovery on the issue, a "regarded as" claim is so closely related to the current claims that this Court can see no need for substantial additional discovery. In fact, a "regarded as" claim merely considers Defendant's state of mind and evidence of this should be readily available to Defendant.

**4. Whether Judge Elfvin Erred as a Matter of Law in Concluding that a Material Issue of Fact Exists as to Whether Plaintiffs were "Otherwise Qualified" Within the Meaning of the ADA and NYHRL.**

Defendant argues that Plaintiffs were not "otherwise qualified" because Plaintiffs' lifting restrictions prohibited them from performing any bid positions. In addition, Defendant argues that the office-type work that Plaintiffs performed following their injuries was not part of any bid position and Defendant was under no obligation to indefinitely provide office-type work to Plaintiffs. (Docket No. 46, p. 16-17.) Finally, Defendant argues that it was entitled to rely on Plaintiffs' physician assessments in determining that Plaintiffs were unable to perform any bid position. (Id. at 18).

In order to state a prima facie case of disability discrimination, Plaintiffs must demonstrate that they were "otherwise qualified to perform the essential function of the job, with or without reasonable accommodation." Giordano v. City of New York, 274 F.3d 740, 747 (2d Cir. 2001). And "[t]o avoid unfounded reliance on uninformed assumptions, the identification of the essential functions of a job requires a fact-specific inquiry into both the

13

employer's description of a job and how the job is actually performed in practice." Borkowski v. Valley Cent. School Dist., 63 F.3d 131, 140 (2d Cir. 1995).

Here, Judge Elfvin correctly rejected Defendant's argument that Plaintiffs were not otherwise qualified to perform the job duties because the record demonstrated that Defendant's job descriptions overstated the actual physical requirements necessary for some bid positions. Judge Elfvin relied on the deposition testimony of Cheyenne Morano, a Cliffstar manager, who testified that job descriptions for "the glass dumper and carton former positions included lifting requirements which employees rarely are required to lift during a workday." (Elfvin Decision, p. 17.)

Further examination of the record supports Judge Elfvin's determination that a material issue of fact existed as to whether Plaintiffs were able to perform the essential functions of their jobs. For instance, Gerace testified that she performed work in the rework position with her lifting limitations and that she could have continued to perform such work. (Gerace Deposition, p. 133.) Weinert testified that the rework position involved numerous different jobs (Weinert Deposition, p. 33) and that she would work different jobs that were not stated in her job title. (Id. at 50). Weinert further testified that she used a cart to perform her job in a manner consistent with her limitations. (Id. at 95.)

Moreover, the fact that Plaintiffs may not have been able to perform every function of a bid position should not matter because Defendant's obligation under the ADA is to provide a "comparable position"– not an identical one. See Norville v. Staten Island Univ. Hosp., 196 F.3d 89, 99 (2d Cir. 1999). And as Judge Elfvin noted, several Cliffstar

14

employees testified at their depositions that "accommodations could be made to allow Plaintiffs to perform several positions." (Elfvin Decision, p. 16.)

Clearly, whether Plaintiffs could have performed essential functions of their jobs is a disputed issue, and Judge Elfvin's decision to deny summary judgment was appropriate. Defendant fails to demonstrate that Judge Elfvin overlooked controlling decisions or factual matters in reaching this decision.

**B.    Request for Certification to the Second Circuit**

Defendant requests that this Court facilitate an immediate appeal pursuant to 28 U.S.C. § 1292(b) of Judge Elfvin's ruling denying summary judgment to Defendant. A district judge may request that a Court of Appeals hear an interlocutory appeal of an order not otherwise appealable if the district judge finds in writing that the order involves a "controlling question of law as to which there is substantial ground for difference of opinion" and finds that "an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b).

In this Court's view, the issues here neither present a "controlling question of law as to which there is substantial ground for difference of opinion," nor would "an immediate appeal from the order ... materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). Accordingly, this Court denies Defendant's request for certification to the Second Circuit.

## IV. CONCLUSION

For the reasons stated above, this Court (1) denies Defendant's Motion for Reconsideration (Docket No. 45) because Defendant failed to demonstrate that Judge Elfvin overlooked controlling decisions or factual matters that would have altered his Order denying Defendant's Motion for Summary Judgment, (2) finds that there is no cause to permit an interlocutory appeal of Judge Elfvin's prior ruling on Defendant's request for summary judgment, and (3) grants Plaintiffs' request to amend the Complaint to explicitly state that it is pursuing a "regarded as" theory of disability.

## V. ORDER

IT HEREBY IS ORDERED, that Defendant's Motion for Reconsideration (Docket No. 45) is DENIED.

FURTHER, that Defendant's Request for Interlocutory Appeal (Docket No. 45) is DENIED.

FURTHER, that Plaintiffs are GRANTED leave to amend the Complaint to state a "regarded as" theory of disability.

FURTHER, that Plaintiffs shall file their Amended Complaint on or before August 11, 2009.

FURTHER, that Defendant shall file its Answer to Plaintiffs' Amended Complaint n or before September 1, 2009.

FURTHER, that counsel for the parties are directed to appear before this Court on September 16, 2009 at 9:00 a.m. for a status conference.

SO ORDERED.

Dated: July 30, 2009
      Buffalo, New York

                                                      <u>/s/William M. Skretny</u>
                                                        WILLIAM M. SKRETNY
                                                 United States District Judge