UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

BRENDA GERACE, LEE ANN JOHNSON,
and KIMBERLY WEINERT,

                Plaintiffs,

     v.                              **DECISION AND ORDER**
                                          05-CV-65S

CLIFFSTAR CORPORATION,

                Defendant.

# I. INTRODUCTION

Plaintiffs Brenda Gerace, Lee Ann Johnson, and Kimberly Weinert commenced this action by filing a Complaint in the United States District Court for the Western District of New York on February 1, 2005, alleging that Defendant Cliffstar Corporation discriminated against them in violation of the Americans with Disabilities Act, 42 U.S.C. §§ 12101 et seq ("ADA"), and New York State Human Rights Law, N.Y. Exec. §§ 290 et seq ("NYHRL"). This case was originally assigned to the Honorable John T. Elfvin, Senior United States District Judge.

Presently before this Court is Defendant's renewed motion to sever Plaintiffs' claims[1] under Rule 21 of the Federal Rules of Civil Procedure. (Docket No. 59.) The motion is fully briefed,[2] and the Court has determined oral argument is unnecessary. For

---

[1] Early in the case, Defendant moved to sever Plaintiffs' claims into three separate civil actions. (Docket No. 12.) Judge Elfvin denied that motion without prejudice. (Docket No. 16.)

[2] Defendant filed a Brief in Support of its Renewed Motion (Docket No. 58) and a Reply (Docket No. 64). Plaintiffs filed a Memorandum in Opposition to Defendant's Renewed Motion (Docket No. 61.)

1

the reasons discussed below, Defendant's motion is denied.

## II. BACKGROUND

**A.    Facts**

Plaintiffs are former employees of Cliffstar, a company that produces fruit juice. Plaintiffs, all hired as general laborers at a plant in Dunkirk, New York, worked on the bottling production lines, and also at "rework" stations, where they corrected problems in bottles and products. All three Plaintiffs claim that during the time they were employed at Cliffstar, they sustained injuries and/or suffered from medical conditions that substantially impaired their major life activities. Each claims to be disabled within the meaning of the ADA and NYSHRL. Plaintiffs alternatively claim that Cliffstar regarded them as disabled.

On June 18, 2003, Cliffstar issued the same letter to each Plaintiff, wherein it stated it could not accommodate their respective restrictions in their current positions, and terminated their employment. Plaintiffs were sent another letter, dated June 27, 2003, informing them that the first letter had been "written incorrectly" and that each should consider herself on layoff status. On November 25, 2003, Cliffstar informed each Plaintiff by letter that her employment was being terminated.

The gravamen of this action is Cliffstar's alleged failure to provide Plaintiffs reasonable accommodation. This case is now ready to proceed to trial and Defendant seeks a separate trial for each individual Plaintiff.

## III. DISCUSSION

### A.    Law

Rule 21 of the Federal Rules of Civil Procedure governs "misjoinder and nonjoinder of parties" and provides, in part, that the court may "add or drop a party" or "sever any claim against a party."  Courts have "broad discretion to sever claims under Rule 21" and doing so results in entirely independent actions being tried to independent judgments. Tardd v. Brookhaven Nat'l Laboratory, No. 04-CV-3262, 2007 U.S. Dist. LEXIS 34378, at *18 (E.D.N.Y. May 8, 2007) (citing cases).

When considering a motion to sever, a district court must evaluate whether severance will further the aims of justice and fairness, and promote judicial economy while avoiding the cumulative presentation of evidence.  Corporan v. City of Binghamton, No. 05-CV-1340, 2006 U.S. Dist. LEXIS 74963, at *9 (N.D.N.Y. Oct. 16, 2006).  In doing so, the court  should consider whether:

> 1) the claims arise out of the same transaction or occurrence; 2) the claims present some common questions of law or fact; (3) settlement of the claims or judicial economy would be facilitated; (4) prejudice would be avoided if severance were granted; and (5) different witnesses and documentary proof are required for the separate claims.

Lukowski v. County of Seneca, No. 08-CV-6098, 2009 U.S. Dist. LEXIS 14282, at *50-51 (W.D.N.Y. Feb. 24, 2009) (Telesca, J.) (citations omitted).

Here, Cliffstar argues that Plaintiffs' claims arise from different transactions, severance would avoid the possibility of unfair prejudice to Cliffstar, and severance would not negatively impact judicial economy or settlement.

**B.    Analysis**

*1.    Same Transaction or Occurrence*

In analyzing whether claims arise out of the same "transactions," courts are guided by the use of the term in Rule 13(a).  Todaro v. Siegel Fenchel & Peddy, P.C., No. 04-CV-2939, 2008 U.S. Dist. LEXIS 17894, at *6 (E.D.N.Y. Mar. 3, 2008).  The Supreme Court has characterized this word as one of flexible meaning that "may comprehend a series of many occurrences, depending not so much upon the immediateness of their connection as upon their logical relationship."  Moore v. New York Cotton Exchange, 270 U.S. 593, 610, 46 S.Ct. 367, 70 L.Ed.2d 750 (1926).  In applying this standard to motions to sever, courts in this Circuit typically permit logically related claims by or against different parties to be tried in a single proceeding.  Todaro, 2008 U.S. Dist. LEXIS 17894, at *6 (citing Blesedell v. Mobil Oil Co., 708 F. Supp. 1408, 1421 (S.D.N.Y. 1989); Puricelli v. CNA Ins. Co., 185 F.R.D. 139, 142 (N.D.N.Y. 1999)).

Cliffstar contends that Plaintiffs' claims do not arise out of the same transaction or occurrence because each Plaintiff had unique physical or mental impairments which will require individualized disability determinations, and each interacted separately with Cliffstar relative to the request for and provision of accommodation, necessitating individualized reasonableness determinations.

Certain unique facts notwithstanding,[3] this Court finds Plaintiffs' claims are sufficiently logically related to warrant trial in a single proceeding.  All three Plaintiffs claim disability discrimination under the ADA and NYSHRL, all claim to have been denied

---

[3]  For example, Plaintiffs' counsel indicates he intends to call 12 physician witnesses relative to the three plaintiffs, with presumably no or little overlap.

reasonable accommodations, each received the same letters issued on the same dates informing them of their respective layoffs and terminations, and each claims to have suffered adverse job actions pursuant to a pattern and practice of disability discrimination. Moreover, Plaintiffs alternatively advance a "regarded as" disabled claim, which does not implicate the individualized inquiry required for a determination of actual disability.

Cliffstar's reliance on cases that stand for the general proposition that disability determinations require individualized assessment do not persuade this Court that the nature of this action somehow diminishes the logical relationship among Plaintiffs' identical legal claims, which are based on at least some common facts. As Cliffstar acknowledges, the same transaction or occurrence factor routinely has been found to exist where employee plaintiffs with varying factual circumstances allege the common denominator of a policy or practice of discrimination. *See* Todaro, 2008 U.S. Dist. LEXIS 17894, at *6-7 (plaintiffs employed in different titles, who reported to different individuals, and experienced different adverse actions alleged policy of discrimination against females generally, and more specifically, pregnant females); Puricelli, 185 F.R.D. at 143 (plaintiffs in different job titles who were terminated under different circumstances alleged pattern of discrimination based on age); Fong v. Rego Park Nursing Home, No. 95-CV-4445, 1996 U.S. Dist. LEXIS 22289 (E.D.N.Y. Aug. 7, 1996) (plaintiffs terminated by different defendants, under different circumstances, and at different times alleged differential disciplinary treatment based on age and ethnicity); Blesedell, 708 F. Supp. at 1421 (plaintiffs who made individualized claims of sexual harassment alleged they were each injured by the same general policy of permitting discrimination against women).

Accordingly, this Court finds that Plaintiffs have sufficiently alleged claims arising from the same transaction or occurrence.

**2.** *Common Questions of Law, Witnesses and Evidence*

Plaintiffs' claims clearly present common questions of law. Each Plaintiff alleges disability discrimination in violation of the ADA and the NYHRL. The same legal standards apply to each Plaintiff's claims. And based on the parties pre-trial submissions, it appears there will be at least some common fact witnesses and evidence. For example, it appears that Cliffstar's witnesses, Rodriguez, Szymanski, and Guziak, are likely to testify regarding Cliffstar's business operations, policy(ies) relating to medical restrictions, and each Plaintiff's employment and light duty assignments. Employee handbooks, company policies, and related forms and documents likewise will have common application.

The possibility that a greater number of witnesses or documents may apply to a particular Plaintiff, as opposed to all, does not necessitate separate trials. Rule 20 of the Federal Rules of Civil Procedure provides that joinder in one action may occur if "any question of law or fact common to all plaintiffs will arise in the action." The factor to be considered on a severance motion under Rule 21 is whether Plaintiffs' claims present "some common questions of law or fact."

Here, some commonality exists as to both the law and the facts. Thus, this Court finds the presentation of individualized evidence as well, does not warrant separate trials.

### 3.    *Judicial Economy*

It is clear that trying these claims together will be in the interest of judicial economy. Where, as here, it is anticipated there will be some overlap of witnesses and documentary proof introduced at trial, judicial economy is best served by denying severance.  Lutz v. Buono, No. 05-CV-4879, 2009 U.S. Dist. LEXIS, at *3-4 (S.D.N.Y. Oct. 16, 2009).

### 4.    *Prejudice*

Cliffstar argues that, in the event this Court declines to sever Plaintiffs' claims, there will be a substantial likelihood of jury confusion in light of each Plaintiff's unique medical history, injuries, and limitations.   It contends that it is unreasonable to "expect a jury comprised of laypersons to compartmentalize three sets of highly specific information," and that the jury will resolve such confusion by improperly concluding that it is liable as to all. (Def.'s Reply, p. 5.)

Cliffstar cites to several cases, all from outside this Circuit, in support.   In Henderson v. AT&T Corp., the court found it necessary to sever "at least some of the claims" to ensure that AT&T received a fair trial where the five plaintiffs each raised different claims totaling more than twenty, lived and worked in separate offices in different states requiring the application of multiple state laws, identified over 200 witnesses with knowledge of their respective claims, and claimed to have been impacted in different ways by a discriminatory practice.  918 F. Supp. 1059, 1061-63 (S.D. Tex. 1996).  In Coleman v. Quaker Oats Co., the Ninth Circuit affirmed the district court's decision to sever the claims of ten plaintiffs who worked in six different states, had different witnesses, and asserted state law claims that would need to be evaluated under different laws.  232 F.3d

1271, 1296 (9th Cir. 2000). The court in <u>Weir v. Litton Bionetics</u> severed the claims of two plaintiffs who held different jobs in independently operated divisions and who were terminated by different decision makers, because entirely different facts were pertinent to each of the claims. 41 Fair Empl. Prac. Cas. 1150, 1986 U.S. Dist. LEXIS 24884, at *15-17 (D. Md. 1986). Finally, in <u>Smith v. North Amer. Rockwell Corp.</u>, the court found the four plaintiffs, each employed in a different capacity, in a different department, whose claims arose out of four separate transactions or occurrences involving four disparate sets of facts, were improperly joined under Rule 20(a). 50 F.R.D. 515, 517-18, 521-22 (N.D. Ok. 1970).

The circumstances here are quite different. These three plaintiffs worked in the same facility, in the same job titles, are asserting the same claims against Cliffstar, and are alleging the same culpable conduct occurring at or around the same time. *See* <u>Henderson</u>, 918 F. Supp. at 1064 (finding it appropriate to try the claims of two plaintiffs together where, although the asserted some distinct claims, they worked in the same office, held the same title, and there existed some overlap of facts and witnesses).

There is a presumption that jurors will follow a district court's instructions. <u>Todaro</u>, 2008 U.S. Dist. LEXIS 17894, at *12 (citation omitted), and in the circumstances presented here, the Court concludes that a cautionary instruction will be sufficient to prevent the risk of unfair prejudice or jury confusion. *Id.* (citing <u>Lewis v. Triborought Bridge & Tunnel Auth.</u>, 97-CV-607, 2000 U.S. Dist. LEXIS 4982, at *14 (S.D.N.Y.); <u>Puricelli</u>, 185 F.R.D. at 144).

## IV.  CONCLUSION

For the foregoing reasons, Defendant's motion for separate trials is denied.

## V. ORDER

IT HEREBY IS ORDERED that Defendant's Renewed Motion to Sever Plaintiffs'

Claims (Docket No. 59) is DENIED.


SO ORDERED.


Dated:   December 15, 2009
Buffalo, New York

/s/William M. Skretny
WILLIAM M. SKRETNY
United States District Judge
